# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>VICTOR ALFONSO MINOTTA ESTUPINAN,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 17CR1465-LAB<br><br>**ORDER DENYING RULE 35 MOTION** |

On August 19, 2019, this Court sentenced Victor Minotta Estupinan (Minotta) after he pled guilty to participating in an international conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 959, 960 and 963. According to the case agent, Minotta was a "mid-level participant" in the conspiracy who coordinated go-fast boats used to transport cocaine. PSR at 6. During 2017, he was responsible for at least three boats from which 3,054 kilograms (6,718 pounds) of cocaine was seized. *Id*. At sentencing, the Court granted the government's motion to depart 5 levels from the presumptive Sentencing Guideline ("USSG") range because the prosecutor proffered that the defendant had provided substantial assistance to the government. *See* USSG, § 5K1.1. The departure reduced Minotta's custodial exposure by almost half; instead of an advisory sentencing range of 108–135 months, Minotta faced only 63–78 months. The Court imposed a low end sentence of 63 months.

The government has now filed a motion under Fed. R. Crim. P. 35(b) asking the Court to further reduce Minotta's sentence. The motion is supported by a declaration from a

prosecutor purporting to delineate additional assistance Minotta provided after he was sentenced. Without revealing the specific confidential information recited in the declaration, suffice it to say that the Court is unpersuaded that any of it constitutes new grounds for a further reduction of Minotta's sentence. That is, the Court is not convinced that the "new" information is anything more than an affirmation that government agents continued to follow up with sources of information Minotta had already revealed and with whom the agents were familiar. The Court previously granted Minotta a substantial reduction of sentence based, in part, on the prospective value of information he provided.  Considering the scope of the defendant's involvement in a very serious drug offense, the Court is not inclined to reduce his sentence further based on the agents' follow-up efforts.

The Court must consider the government's Rule 35 motion against the backdrop of the defendant's original sentence. *United States v. Tadio*, 663 F.3d 1042, 1048, 1053 (9th Cir. 2011) (court's role in the Rule 35 process is to decide whether to accept the Government's recommendation and, if so, the magnitude of departure as a function of the degree and nature of the cooperation).  *See also United States v. Ressam*, 679 F.3d 1069, 1091-92 (9th Cir. 2012) (en banc) (reversing sentence, in part, because district court had given excessive weight to the defendant's cooperation).  Here, the Court finds that Minotta previously received substantial credit for prospectively supplying information that – as the government hoped – would prove to be useful. Taking into consideration the scope of the underlying drug conspiracy, the nature of Minotta's involvement in it, the need for just punishment, the need to deter Minotta and others from further participation in drug crimes, and the need to promote respect for the law, the Court concludes that no further reduction of sentence is warranted.

The Rule 35 motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: 5/12/2020

*Larry A. Burns*
_____
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge