# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Plaintiff,<br>vs.<br>VICTOR ALFONSO MINOTTA ESTUPINAN,<br>　　　　　　　　　　　Defendant. | CASE NO. 17-cr-1465-LAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

　　　　On May 12, 2020, this Court filed an Order denying the Government's Rule 35(b) motion in this case. The Court subsequently received a Motion for Reconsideration of that Order – *filed by defendant Victor Minotta's defense counsel*. The Motion is **DENIED**.

　　　　Preliminarily, the Court holds that neither Minotta nor his defense counsel have standing to file a motion for reconsideration of the Order. Rule 35(b) is specific as to which party to a criminal case may bring a motion to reduce a previously imposed sentence. The Rule expressly vests the authority in the Government ("Upon the government's motion . . . the court may reduce a sentence . . . ."). Counsel for Minotta blithely recites that "motions for reconsideration can be entertained in criminal cases," Motion at 1, but the text of Rule 35(b) belies such a generic characterization. Had Congress intended to permit criminal defendants to seek a modification of sentence under Rule 35(b), it wouldn't have included the limitation "[u]pon the government's motion" in

the preamble to the Rule. Simply put, a district court has no authority to grant Rule 35(b) relief unless *the Government* moves for it. *United States v. Tadio*, 663 F.3d 1042, 1052 (9th Cir. 2011). And because the Rule doesn't authorize Minotta to bring a Rule 35(b) motion in the first place, the Court holds that he likewise isn't entitled to seek reconsideration of the denial of the motion.

In any event, the Court has considered the additional information and argument advanced by Minotta's counsel and has also reconsidered the relevant 18 U.S.C. § 3553(a) factors. With these considerations in mind, the Court adheres to its conclusion that no further reduction of sentence is warranted. When the Court originally imposed a 63-month sentence in this case, it weighed Minotta's cooperation against the backdrop of his involvement in this very serious international drug smuggling conspiracy. In particular, the Court balanced Minotta's assistance against his role as a "mid-level participant" in a plot to import thousands of pounds of cocaine into the United States. Credit for Minotta's assistance reduced his original sentence by almost half. That allotment was fair, and it remains so given the scope of the underlying drug conspiracy, the nature of Minotta's involvement in it,[1] the goal of just punishment, the objective of deterring Minotta and others from future participation in drug crimes, and the need to promote respect for the law.

---

[1] Counsel for Minotta seeks to relitigate the extent of her client's involvement in the underlying crime by mounting an after-the-fact attack on the Presentence Report. But that ship has sailed. The time to object to alleged inaccuracies in a Presentence Report is at sentencing. Furthermore, a district court is not permitted to treat a Rule 35 motion as a plenary or *de novo* resentencing proceeding, *Tadio*, 663 F.3d at 1055, because courts "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillion v. United States*, 560 U.S. 817, 827-28 (2010) (quoting 18 U.S.C. § 3582(c)). For these reasons, the Court declines to entertain Minotta's newly-minted role and mitigation arguments.

In sum, the Court finds that the substantial initial reduction in Minotta's sentence that was granted in consideration of the Government's § 5K1.1 motion fully accounts for *all* his cooperation. Minotta's 63-month sentence was reasonable and is final.[2]

The Motion to Reconsider the Denial of the Government's Rule 35(b) motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 18, 2020

*(signature)*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[2] *See United States v. Pedroza*, 355 F.3d 1189, 1190-91 (9th Cir. 2004) (per curiam) (no jurisdiction under 18 U.S.C. § 3742 to review defendant's claim that district court "abused its discretion by failing to reduce his offense level, and consequently his sentence, to a degree that he believes properly reflects the assistance he provided to the government"); *United States v. Doe*, 351 F.3d 929, 932 (9th Cir. 2003) (same); *United States v. Arishi*, 54 F.3d 596, 597-98 (9th Cir. 1995) (same).